# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAMONT VAUGHN, | **Civil Action No. 18-17527 (JMV/SCM)** |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| GEO GROUP, et al., | |
| Defendants. | |

1.      This matter comes before the Court upon Plaintiff Lamont Vaughn's filing of a *pro se* civil rights complaint (the "Complaint").  (ECF No. 1.)  The Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed: (i) as frivolous or malicious; (ii) for failing to state a claim upon which relief may be granted, or; (iii) because it seeks monetary relief from a defendant who is immune from such relief.

2.      Plaintiff's present Complaint alleges the following:  On October 25, 2017, while in the custody of the Federal Bureau of Prisons ("FBOP"), Plaintiff was transferred to Toler House, a residential re-entry program, or halfway house, in Newark, New Jersey.  (ECF No. 1 at PageID: 10.)  On January 2, 2018, the FBOP transferred out of Toler House and back to a correctional facility as a "program failure."  (*Id.* at PageID: 12.)  Plaintiff alleges that this transfer occurred without due process.  (*Id.*)  Plaintiff claims that Defendants engaged in a concerted effort to ensure Plaintiff's transfer from Toler House after Plaintiff began complaining that he was not receiving all of the services outlined in the Toler House resident handbook.  (*Id.* at PageID: 10.)  In that respect, Plaintiff avers that Defendants targeted, harassed, colluded against, and unduly provoked him during his time at Toler House, and that nothing was done when he complained about this

behavior to Toler House supervisors. (*See*, *generally*, *id.*) Plaintiff also specifically alleges that Defendants manufactured certain administrative charges against him as a result of his possession of cigarettes, notwithstanding that Toler House's handbook authorized him to keep cigarettes on his person. (*Id.*)

3.     This is not the first civil rights action which Plaintiff has filed in this Court related to his time at Toler House. Indeed, on June 4, 2018, Plaintiff filed a civil rights complaint asserting entitlement to relief under 42 U.S.C. § 1983 based on substantially the same facts alleged against substantially the same defendants. (*See* Pl.'s June 4, 2018 Compl. filed in *Vaughn v. GEO Group*, Civil Action No. 18-10148 (Plaintiff's "Prior Action"), at ECF No. 1.)

4.     On June 20, 2018, the Court entered an Opinion & Order dismissing Plaintiff's June 4th pleading, in its entirety, without prejudice, because it failed to "plausibly plead a cause of action [under § 1983.]" *See Vaughn v. GEO Grp.*, 2018 WL 3056066, at *3 (D.N.J. June 20, 2018). At that time, the Court provided Plaintiff thirty (30) days to file an amended complaint in the Prior Action curing the pleading deficiencies noted in the Court's June 20th Opinion & Order. The Court afforded Plaintiff that opportunity notwithstanding the apparent futility of such an amendment in light of the precedential decisions cited in the Court's June 20th decision. (*Id.*)

5.     Importantly, the Court's June 20th Opinion & Order made clear that "[i]f Plaintiff [did] not submit an [a]mended [c]omplaint curing the deficiencies within thirty days, the dismissal [of his claims in the Prior Action] will then be with prejudice. [This] means that Plaintiff will be precluded from filing any future suit against Defendants concerning the allegations in the complaint [filed in the Prior Action]." *Id.*

6.     Plaintiff never filed an amended complaint in the Prior Action.  Instead, on December 27, 2018, he filed the present Complaint asserting entitlement to relief under 42 U.S.C. § 1983 based on the actions which occurred during his time Toler House.

7.     While there are some differences between Plaintiff's complaint in the Prior Action and Plaintiff's present Complaint, for example, (1) Plaintiff's present Complaint details the specific actions taken by each Defendant in separate sections, and (2) Plaintiff's present pleading for the first time names Defendant Patrick McFarland's assistant, Ms. Figueroa, as a Defendant; ultimately, it appears that the claims raised in the two pleadings are substantively identical.

8.     Plaintiff's claims in the current Complaint appear to arise out of substantially the same alleged actions undertaken by the same actors.  The Court has already ruled that those substantive allegations fail to plausibly state a cause of action under § 1983.  *See Vaughn*, 2018 WL 3056066.  Moreover, it would appear that Plaintiff's current claims are subject to prejudicial dismissal in light of Plaintiff's failure to timely-file an amended pleading in the Prior Action.  *Id.* at *3.  That said, before dismissing the present action based on the foregoing considerations, the Court will afford Plaintiff the opportunity to explain why prejudicial dismissal of the current action, in its entirety, is inappropriate.  Therefore,

**IT IS** on this 2nd day of January, 2019,

**ORDERED** that Plaintiff may, within thirty (30) days of the date of this Memorandum Order, submit a written submission filed with the Clerk of Court demonstrating why the Court should not dismiss his Complaint with prejudice.  In that regard, Plaintiff should specifically explain: (1) which of the claims in Plaintiff's present Complaint, if any, are substantively different than the claims in Plaintiff's complaint in the Prior Action; (2) which allegations in the present Complaint, if any, cure the pleading deficiencies noted by the Court in its June 20th Order &

Opinion; (3) why Plaintiff's Complaint should not be subject to prejudicial dismissal based on Plaintiff's failure to timely file an amended complaint in the prior Action; and (4) any other reasons which demonstrate that Plaintiff's current Complaint states a plausible cause of action under 42 U.S.C. § 1983; and it is further

**ORDERED** that in the event Plaintiff fails to file a timely written submission in response to this Memorandum Order, the Court will enter an Order dismissing his Complaint with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of this Memorandum Order and the Court's June 20th Opinion & Order in the Prior Action (ECF No. 2 in Civil Action No. 18-10148) on Plaintiff by regular United States mail.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge