NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMONT VAUGHN,<br><br>  Plaintiff,<br><br>  v.<br><br>GEO GROUP, et al.,<br><br>  Defendants. | Civil Action No. 18-17527 (JMV/SCM)<br><br>**MEMORANDUM OPINION** |

1.  Plaintiff Lamont Vaughn's *pro se* civil rights complaint ("Complaint") – which he filed in this Court on or about December 27, 2018 – seeks relief under 42 U.S.C. § 1983 based on acts which allegedly occurred between October 25, 2017 and January 2, 2018 at Toler House, a residential re-entry program, or halfway house, in Newark, New Jersey. (ECF No. 1)

2.  On January 2, 2019, the Court entered a Memorandum Order advising Plaintiff that dismissal of his present Complaint appeared appropriate because the "claims [therein] appear to arise out of substantially the same . . . substantive allegations" which Plaintiff asserted in Civil Action No. 18-10148 (the "Prior Action"), *i.e.*, they "arise out of substantially the same alleged actions undertaken by the same actors" and otherwise seem to be "substantively identical" to the claims asserted by Plaintiff in the Prior Action, and the Court already ruled that those factual allegations failed to plausibly state a claim under § 1983. (ECF No. 4 at PageID: 26-27 (citing *Vaughn v. GEO Grp.*, No. 18-10148, 2018 WL 3056066, at *3 (D.N.J. June 20, 2018)).) The Court additionally noted that Plaintiff's present Complaint might also be "subject to prejudicial dismissal in light of [his] failure to timely-file an amended pleading in the Prior Action." (*Id.* at PageID: 27.)

3. Nonetheless, prior to "dismissing the present action based on the foregoing considerations, the Court [afforded] Plaintiff the opportunity to explain why prejudicial dismissal of [this matter], in its entirety, [would be] inappropriate." (*Id.*) Plaintiff accordingly received thirty days from January 2, 2019 to file a written submission "demonstrating why the Court should not dismiss [his present] Complaint with prejudice." (*Id.*) In that regard, the Court advised Plaintiff that in any such submission, he would be required to specifically explain:

> (1) which of the claims in Plaintiff's present Complaint, if any, are substantively different than the claims in [his] complaint in the Prior Action; (2) which allegations in the present Complaint, if any, cure the pleading deficiencies noted by the Court in its June 20th Order & Opinion; (3) why Plaintiff's Complaint should not be subject to prejudicial dismissal based on [his] failure to timely file an amended complaint in the prior Action; and (4) any other reasons which demonstrate that Plaintiff's current Complaint states a plausible cause of action under 42 U.S.C. § 1983[.]

(*Id.* at PageID: 27-28.)

4. The Court's January 2nd Memorandum Order made clear that "in the event Plaintiff fail[ed] to file a timely written submission [that satisfied the foregoing requirements], the Court [would] enter an Order dismissing his Complaint with prejudice[.]" (*Id.* at PageID: 28.)

5. Plaintiff has not responded to the Court's January 2nd Memorandum Order, and his thirty-day period to do so has now expired. Indeed, there have been no new filings in this matter – by Plaintiff, the Court, or any other party –since the Court issued its Memorandum Order highlighting the significant pleading deficiencies in Plaintiff's present Complaint on January 2, 2019. Plaintiff's Complaint is accordingly subject to prejudicial dismissal because he has failed to respond to the Court's January 2nd Memorandum Order.

6. Ultimately, however, the Court concludes that prejudicial dismissal of Plaintiff's Complaint, in its entirety, is now appropriate because Plaintiff has failed to rebut any of the other

substantive findings detailed in Court's January 2nd Memorandum Order which independently suggest that this matter should be dismissed with prejudice, *e.g.*, due to the "apparent futility of [further] amendment in light of the precedential decisions cited in the Court's June 20th decision [in the Prior Action]." (Id. at PageID: 26.)

7. In light of the foregoing considerations, Plaintiff's Complaint is dismissed, with prejudice, in its entirety, *i.e.*, with respect to all claims asserted in that pleading as against all Defendants. An appropriate Order accompanies this Memorandum Opinion.

Dated: February 15, 2019          s/ John Michael Vazquez
                                                            JOHN MICHAEL VAZQUEZ
                                                            United States District Judge